DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 5:06 CR 162 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | MEMORANDUM OPINION ANALYZING THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. SECTION 3553(a) |
| Craig Dawson, | ) ) | |
| Defendant. | ) | |

## I. Introduction

The Court conducted the sentencing hearing of the defendant Craig Dawson. The Court determined that the defendant's total offense level was 35 with a criminal history category of I calling for a sentencing range under the advisory sentencing guidelines of 168 to 210 months. At the conclusion of the sentencing hearing, the Court, after an analysis of the sentencing factors under 18 U.S.C. Section 3553(a), engaged in a one level variation downward of the offense level to a level of 151 months to 188 months and sentenced the defendant to confinement for a period of 151 months with supervised release for a period of five years.

## II. The Analysis Required by 18 U.S.C. § 3553(a)

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a) Factors to be considered in imposing a sentence.**

(5:06 CR 162)

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

### (1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

> During a period beginning as early as the Summer of 2002, and continuing through March 9, 2006, Craig Dawson and others did knowingly and intentionally conspire and agree to distribute a mixture containing cocaine.
>
> Specifically, on November 17, 2005, Oswaldo Sanchez flew from Phoenix, Arizona to Cleveland, Ohio, for the purpose of distributing multiple kilograms of cocaine. He was picked up by Craig Dawson, who drove Sanchez to the Red Roof Inn at Everhard Road, Jackson Township, where Sanchez booked a room.
>
> On March 8, 2006, Ronald Dede drove to a coffee shop located in the vicinity of the bus station in Canton, Ohio, and picked up Craig Dawson and Letricia Epps and all three returned to 2611 Baldwin Avenue, Canton, Ohio.
>
> On March 9, 2006, Letricia Epps, Ronald Dede, and Craig Dawson, pushed a pick-up truck out of the garage at 2611 Baldwin Avenue, Canton, Ohio. On that same day, Craig Dawson, carried a laundry basket full of cash from the residence at 2611 Baldwin Avenue, Canton, Ohio, into the garage. At the same time, Letricia Epps carried a black duffle bag filled with cash from the residence to the garage and closed the garage door.
>
> Later on March 9, 2006, Oswaldo Sanchez, driving a 1987 Mazda with a hidden compartment containing 52 kilograms of cocaine, and Craig Dawson, driving a black Tauras, drove to 2611 Baldwin Avenue, Canton, Ohio, where Sanchez backed the 1987 Mazda into the garage. Dawson drove around the block and then pulled into the driveway at 2611 Baldwin Avenue, Canton, Ohio.
>
> On March 9, 2006, Ronald Dede, Craig Dawson, Letricia Epps, and Oswaldo Sanchez possessed 52 kilograms of cocaine, which

(5:06 CR 162)

>were found in a cardboard box in the garage at 2611 Baldwin
>Avenue, Canton, Ohio.

Mr. Dawson is 37 year old male who has no prior juvenile or adult convictions. Mr. Dawson is currently unemployed due to his incarceration. Prior to incarceration, he owned and operated a business called Hoppers Hydraulics where he restored automobiles. The defendant reports having a drug problem that commenced at the age of 18. He indicated that he used both marijuana and cocaine on a regular basis. He did indicate that he could benefit from some type of treatment.

Mr. Dawson is currently married and has four biological children and two stepchildren from this marriage. He also has two other children from a previous marriage. The defendant reports having a good relationship with all his children although his family is currently having some financial difficulties.[1]

The defendant's acceptance of responsibility is set forth in paragraph 18 of the presentence report as follows:

>The defendant was interviewed in the presence of his attorney. The
>defendant provided a written statement which described his role in
>the offense and stated that he accepts full responsibility for his
>actions in this case.

The defendant's acceptance of responsibility is set forth in the Notice of Acceptance of Responsibility (Docket No. 214) as follows:

>"I Craig Dawson accept full responsibility for my actions in 5:06
>CR 162 Drug conspiracy. I was involved in makeing [sic] sure the

---

[1] The court room was occupied by the defendant's wife and the eight children at the time of sentencing in an obvious effort to show their support for the husband, father and stepfather.

3

(5:06 CR 162)

> narcotics made it to Ohio, and the money made it out of the house on baldwin [sic]. I was the middle man between ohio and Arizona. Neither they drugs nor the money belong to me Craig Dawson
>
> "I Crag Dawson /or counsel is willing to discuss this matter further with the court or the probation Department, should their [sic] be any questions with regard to my Acceptance of Responsibility."

**(2)  The Need for the Sentence Imposed**

**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

Trafficking in major quantities of drugs across state lines is a major law enforcement problem in this country with profound negative effects on the end consumer and the environment in which drug trafficking is a way of life. A substantial sentence is necessary to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense. A sentence in excess of 12 years, i.e, 151 months, accomplishes those goals.

**(B)  to afford adequate deterrence to criminal conduct;**

One can only hope that those persons who are tempted to engage in major drug trafficking will learn of the lengthy sentences imposed on those convicted for such criminal conduct and will consider the reward/risk in such conduct. The Court is of the view that a sentence of 151 months will afford adequate deterrence to the type of criminal conduct that the defendant chose to follow.

**(C)  to protect the public from further crimes of the defendant;**

The defendant will be 38 in December of this year. Assuming he earns time off for good behavior while incarcerated, he will be approaching his fifties when he is released from prison. Only one of his biological children will still be in her teens. Whether the defendant will decide

(5:06 CR 162)

to live a life free of criminal conduct and be a supportive father to his daughter is difficult to predict. The defendant will be on supervised release for five years and that fact, along with his probable desire not to return to prison, offers the hope of protection to the public from further crimes of the defendant.

> **(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

The defendant will have sufficient time to increase his education if he is so motivated. The lengthy prison term should assist the defendant in combating his drug dependency. The Court will recommend that the defendant be given the opportunity to participate in drug rehabilitation programs while incarcerated.

## CONCLUSION

For the reasons set forth herein, a sentence of 151 months with supervised release for five years and within the advisory guideline range, is a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

IT IS SO ORDERED.

November 16, 2006            */s/ David D. Dowd, Jr.*
Date            David D. Dowd, Jr.
           U.S. District Judge